Cory G. Lee, Esq. (SBN 216921)
**THE DOWNEY LAW FIRM, LLC** (*Of Counsel*)
9595 Wilshire Blvd., Suite 900
Beverly Hills, California 90212
Tel:   (213) 291-3333
Fax:   (610) 813-4579
Email: downeyjusticelee@gmail.com

Attorneys for Plaintiff and the proposed Class

**HANSON BRIDGETT LLP**
SANDRA L. RAPPAPORT, SBN 172990
srappaport@hansonbridgett.com
EMILY H. FULMER, SBN 279419
efulmer@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Tel: (415) 777-3200
Fax: (415) 541-9366

Attorneys for Defendants
LEPRINO FOODS COMPANY and LEPRINO
FOODS DAIRY PRODUCTS COMPANY

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| JONATHON TALAVERA, on behalf of himself and on behalf of all other similarly situated individuals,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>SUN-MAID GROWERS OF CALIFORNIA, a California Corporation; and DOES 1-50, inclusive,<br>　　　　　　　　Defendants. | Case No. **1:15−CV−00842−AWI−SAB**<br><br>**JOINT REPORT PURSUANT TO FED. R. CIV. P. 26(f); PROPOSED SCHEDULE OF MOTION FOR CLASS CERTIFICATION, PRETRIAL, AND TRIAL DATES**<br><br>Scheduling Conference:<br>Judge:  Stanley A. Boone<br>Date:    September 15, 2015<br>Time:   10:00 a.m.<br>CTRM: #9 |

**The parties intend to appear telephonically**

- 1 –

**JOINT REPORT PURSUANT TO FED. R. CIV. P. 26(f)**
*Talavera v. Sun Maid Growers of California, et al.*, Case No. **1:15−CV−00842−AWI−SAB**

On September 8, 2015, counsel for the parties conferred telephonically on the topics specified by the applicable Federal and Local Rules and the Court's June 3, 2015 ORDER SETTING MANDATORY SCHEDULING CONFERENCE for the above case. Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure ("FRCP") and the ORDER SETTING MANDATORY SCHEDULING CONFERENCE, plaintiff Jonathon Talavera ("Plaintiff") and defendant Sun-Maid Growers of California ("Defendant") (Plaintiff and Defendants are jointly referred to herein as the "Parties") hereby submit the following report.

## I.   SUMMARY OF FACTIAL AND LEGAL CONTENTIONS

Plaintiff's June 3, 2015, Complaint alleges a state class action claims and a federal collective class action against Defendant (and Does 1-50) to challenge their policy and practice of requiring their non-exempt employees to work substantial amounts of time without pay and failing to provide their non-exempt employees with the meal and rest periods to which they are entitled by law at their plant(s) in California.

As a result of Defendant's practices, Plaintiff alleges causes of action under state law for Failure to Pay Minimum Wages; Failure to Compensate for All Hours Worked; Failure to Pay Overtime Wages; Failure to Provide Legally Compliant Meal and Rest Periods; Unpaid Wages and Waiting Time Penalties; Failure to Properly Itemize Paystubs; Unlawful Deduction From Wages; Violation of California Business and Professions Code; and Conversion. Plaintiff also alleges a cause of action under federal law under the Federal Fair Labor Standards Act, 29 U.S.C. § 216(B).

Plaintiff seeks monetary damages and restitution, statutory penalties, attorneys' fees, and injunctive relief.

Defendant Answered on July 7, 2015. Defendant contends that it is not properly named as a defendant in this action in that it never employed Plaintiff. Plaintiff was an employee of Randstad US, L.P., dba Placement Pros, a temporary services agency, and as a Placement Pros employee, he was assigned to perform temporary work at Defendant's plant on 18 days in August and September 2014. While performing work at Defendant's plant, Plaintiff received all meal and

- 2 –

**JOINT REPORT PURSUANT TO FED. R. CIV. P. 26(f)**
*Talavera v. Sun Maid Growers of California*, et al., Case No. **1:15−CV−00842−AWI−SAB**

rest breaks to which he was entitled, and was not required to perform any work off the clock. Plaintiff received his wages and wage statements from Randstad US, L.P., dba Placement Pros, not from Defendant.  Defendant contends that Plaintiff cannot assert claims on behalf of a class of Defendant's employees.  The purported class will lack commonality, typicality, and Plaintiff will not be an adequate class representative.

Plaintiff anticipates Moving for Class Certification with a proposed hearing date on or about September 26, 2016.  The pre-class certification discovery cut-off dates below are based on a late-September 2016 Class Certification hearing date and an anticipated stipulated, extended briefing schedule.

Defendant believes that this case will be resolved through a summary judgment motion prior to Plaintiff's motion for class certification, and requests that any certification discovery be stayed until after a ruling on Plaintiff's motion for conditional certification as a collective action.

**II.   Proposed Deadline to Amendments to Pleadings**

While the parties do not anticipate any amended pleadings at this time, the parties propose a deadline of October 2, 2015 to amend the pleadings.  Should amended pleadings prove necessary after that date, the Parties will seek leave of Court pursuant to Federal Rule of Civil Procedure 15. Defendant asserts that Plaintiff failed to join a required indispensable or necessary party under Rule 19 of the Federal Rules of Civil Procedure in that Plaintiff did not join Randstad US, L.P., dba Placement Pros, and asserts that Plaintiff should amend his Complaint accordingly.

**III.   Summary of the Uncontested and Contested Facts**

<u>Uncontested</u>:  Defendant conducts business and has locations in Fresno County, California.

<u>Contested</u>:  Defendant's required policies and practices before the start of Plaintiff's and other non-exempt employees' work time, during meal and rest periods and after work time, whether Defendant's policies applied to Plaintiff while he was an employee of Randstad US, L.P., dba Placement Pros, whether Plaintiff was provided with all wages earned and/or meal and rest breaks according to law when he performed work at Defendant's plant.

### IV. Summary of Undisputed and Disputed Legal Issues

<u>Undisputed</u>: Jurisdiction, venue and the applicability of California state and federal law.

<u>Disputed</u>: Whether Plaintiff has standing to sue Defendant. Whether Plaintiff and the putative class meet the requirements of Fed. R. Civ. Proc. 23 or the requirements for a collective action under the FLSA- The numerosity of the putative class, whether there are questions of law or fact common to the class, whether Plaintiff's claims are typical of the class, and whether Plaintiff and Plaintiff's counsel will fairly and adequately protect the interests of the class; whether Defendant's policies and practices violated law; and whether Defendant is liable to Plaintiff for the alleged violations of state and federal law.

### V. Matters Presently Set Before the Court

September 15, 2015- Mandatory Scheduling Conference in the present case.

### VI. Discovery Plan

  a. <u>Date for Exchange of Initial Disclosures</u>

October 30, 2015.

  b. <u>Non-Expert Discovery Cut-Off</u>

Defendant proposes that discovery be stayed until after a ruling on Plaintiff's motion for conditional collective action certification, and that the discovery cut-off dates be determined after that ruling.

Plaintiff proposes Pre-Class Certification non-expert discovery cut-off:  June 27, 2016.

Plaintiff's position is that the trial discovery cut-off may depend upon the outcome of Plaintiff's anticipated Motion for Class Certification. If the case proceeds as a class case, 9 months after the Court's ruling on Class Certification . If the case proceeds as an individual case, 6 months after the Court's ruling on the Motion for Class Certification.

  c. <u>Date for Disclosure of Expert Witnesses</u>

Defendant:     May 30, 2016

Plaintiff:     Pre-class certification- May 30, 2016

Trial Discovery- 6 weeks prior to expert discovery cut-off.

- 4 –

1   d.  Expert Witness Discovery Cut-Off

2       Defendant:    June 27, 2016

3       Plaintiff:    Pre-Class Certification non-expert discovery cut-off: June 27, 2016.

4       Trial discovery cut-off may depend upon the outcome of Plaintiff's

5       anticipated Motion for Class Certification. If the case proceeds as a class

6       case, 10 months after the Court's ruling on the Motion for Class

7       Certification. If the case proceeds as an individual case, 7 months after the

8       Court's ruling on the Motion for Class Certification.

9   e.  Proposed Changes to Limits on Discovery

10      Plaintiff seeks the following:

11      20 Depositions

12      50 Interrogatories

13      125 Requests for Production of Documents

14      Defendant contends that no changes to the limits on discovery are needed.

15  f.  Protective Order

16      The parties anticipate that it may become necessary to exchange confidential information

17  in discovery. If that is the case, the Parties will enter into a Stipulated Protective Order Governing

18  Confidential Materials, and will submit said Order for the Court's approval.

19  g.  Timing, Sequence, Phasing or Scheduling of Discovery

20      The parties agree that discovery should be phased with pre- class certification discovery

21  occurring prior to trial discovery. The parties will meet and confer regarding extent of pre- class

22  certification discovery and may raise disputed issues before the Court via Motion. Defendant

23  proposes that discovery be stayed until after a ruling on Plaintiff's motion for conditional

24  certification as a collective action.

25  h.  Discovery Outside of the United States

26      None anticipated.

    i. <u>Video and/or Sound Recording of Depositions</u>

    The parties may video and/or sound record depositions.

    j. <u>Need for a Mid-Discovery Status Report and Conference and Proposed Date</u>

    The need for a mid-discovery status report and conference will depend upon Plaintiff's Motion for Class Certification.  The Court may wish to schedule a Conference one to two months after its ruling on Plaintiff's Motion

**VII.   Dates Agreed to by All Counsel**

    a. <u>Filing of Non Dispositive and Dispositive Pre-Trial Motions</u>

    Filing of Motion for Preliminary FLSA Class Certification-   January 25, 2016

    Filing of Motions for Summary Judgment/Adjudication-  the Parties believe that the final date for filing dispositive motions should be set for 1-2 months after the final discovery cut-off date.

    Filing of Motion for Class Certification- August 1, 2016

    b. <u>Pre-Trial Conference Date</u>-  The Parties believe it is premature to set a pre-trial conference date prior to hearing and decision on the Parties' respective dispositive motions and Motion for Class Certification.  Approximately 12 weeks after the Court's ruling on Plaintiff's Motion for Class Certification.

    c. <u>Trial Date</u>-  The Parties believe it premature to set a trial date prior to hearing and decision on the Parties' respective dispositive motions and Motion for Class Certification.   Approximately 45 days after the Pre-Trial Conference.

**VIII.   Settlement**

The Parties have discussed the possibility of settlement and believe that settlement discussions would be premature prior to conducting any discovery.  A settlement conference may be productive after discovery gets underway.

**IX.   Jury Trial**

Plaintiff demands a jury trial.

**X.    Estimate of Number of Trial Days**

If the case proceeds as a class and/or collective action- 15 court days.

If the case proceeds as an individual action- 3 court days.

**XI.    Magistrate Judge Jurisdiction**

Plaintiff declines to consent to a magistrate judge at this time.

**XII.    Bifurcation or Phasing of Trial**

The parties do not anticipate bifurcation or phasing of trial at this time.

**XIII.    Related Matters**

The Parties are not aware of any related matters at this time.

Respectfully submitted,

The Downey Law Firm, LLC

_____
Cory G. Lee
*Of Counsel*
Counsel for the Plaintiffs and the putative class

Dated: September 8, 2015

HANSON BRIDGETT LLP

_____/s/_____
Sandra L. Rappaport
Counsel for Defendant Sun-Maid Growers of California

Dated: September 8, 2015

**JOINT REPORT PURSUANT TO FED. R. CIV. P. 26(f)**
*Talavera v. Sun Maid Growers of California, et al.*, Case No. **1:15−CV−00842−AWI−SAB**