# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHON TALAVERA, on behalf of himself and all other similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>SUN MAID GROWERS OF CALIFORNIA,<br><br>Defendant. | Case No. 1:15-cv-00842-AWI-SAB<br><br>ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S REQUEST TO STAY DISCOVERY<br><br>(ECF Nos. 12, 13)<br><br>TWENTY DAY DEADLINE |

**I.**

**BACKGROUND**

Plaintiff Jonathon Talavera filed this action on behalf of himself and all other similarly situated individuals alleging Defendant Sun-Maid Growers violated the Fair Labor Standards Act ("FLSA") and state law by failing to pay employees for all pre-shift work activities and failing to provide "legally compliant" meal and rest breaks. Plaintiff was employed by a temporary agency and was placed at Defendant's facility to perform temporary work for eighteen days in August and September of 2014. This action was set for a scheduling conference on September 15, 2015. In anticipation of the conference, the parties filed a joint scheduling report. (ECF No. 9.)

In the joint scheduling report, Defendant requested that any certification discovery be

stayed until after the Court rules on Plaintiff's motion for conditional certification as a collective action. The Court continued the scheduling conference to October 5, 2015 and required the parties to file briefing on whether the discovery should be stayed until resolution of the conditional certification motion. (ECF No. 11.)

On October 1, 2015, the parties filed their briefs. (ECF Nos. 12, 13.) On October 5, 2015, an informal conference was held. The parties were ordered to produce some documents and a further status conference was set for November 13, 2015. (ECF No. 14.) A telephonic status conference took place on November 13, 2015. Counsel Cory Lee appeared telephonically for Plaintiff and counsel Sandra Rappaport appeared telephonically for Defendant.

## II.

## LEGAL STANDARD

"Prior to certification of a class action, discovery is generally limited and in the discretion of the court." Del Campo v. Kennedy, 236 F.R.D. 454, 459 (N.D. Cal. 2006); Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 942 (9th Cir. 2009) (In federal court, the scope of pre-certification discovery lies entirely within the discretion of the court). However, even where a potentially dispositive motion is pending, the Federal Rules do not provide for automatic or blanket stays of discovery. Tradebay, LLC v. eBay, Inc., 278 F.R.D. 597, 600 (D. Nev. 2011). The Ninth Circuit has held that under certain circumstances it is an abuse of discretion to prevent a party from conducting discovery relevant to a potentially dispositive motion. Tradebay, LLC, 278 F.R.D. at 601.

The Federal Rules of Civil Procedure provide that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Relevancy is broadly defined for the purposes of discovery, but it does have "ultimate and necessary boundaries." Gonzales v. Google, Inc., 234 F.R.D. 674, 680 (N.D. Cal. 2006) (citations omitted).

/ / /

/ / /

## III.

## DISCUSSION

The parties agree that this action should be bifurcated with the first phase addressing the conditional certification of the FLSA collective action. At issue is whether Plaintiff should be entitled to conduct discovery prior to the conditional certification motion. In this instance, Plaintiff has alleged a collective action under the FLSA and state law class action claims pursuant to Rule 23 of the Federal Rules of Civil Procedure. Defendant contends that the ruling on the conditional certification motion will be useful in shaping the scope of the class action and seeks a stay of discovery to avoid the burden and expense of pre-certification discovery. Therefore, Defendant seeks a brief stay of pre-certification discovery until the Court rules on Plaintiff's motion for conditional certification as a collective action.

The FLSA provides that a collective action may be brought to recover damages for employees that are similarly situated. 29 U.S.C. § 216 (b). Unlike Rule 23, the FLSA limits participation in a collective action to those parties that "opt-in" to the suit. Murillo v. Pacific Gas & Elec. Co., 266 F.R.D. 468, 470 (E.D. Cal. 2010). "To maintain a collective action under the FLSA a plaintiff must demonstrate that the putative collective action members are similarly situated." Harris v. Vector Marketing Corp., 716 F.Supp.2d 835, 837 (N.D. Cal. 2010) (citations omitted). The FLSA does not define "similarly situated" and the Ninth Circuit has not interpreted the term, Millan v. Cascade Water Services, Inc., __ F.R.D. __, 2015 WL 5916750, at *9 (E.D. Cal. October 8, 2015), but courts in this circuit that address the issue have adopted a two-step approach to determine whether a class is "similarly situated", Murillo, 266 F.R.D. at 471; Lewis v. Wells Fargo Co., 669 F.Supp.2d 1124, 1127 (N.D. Cal. 2009).

The requisite showing for conditional certification of a collective action is not as stringent as the requirements to certify a class under Rule 23 of the Federal Rules of Civil Procedure. Lewis, 669 F.Supp.2d at 1127. Since there is a limited amount of evidence before the court, the first step in this analysis uses a very lenient standard which typically results in conditional certification of the class. Murillo, 266 F.R.D. at 471; Leuthold v. Destination America, Inc., 224 F.R.D. 462, 467 (N.D. Cal. 2004). The district court examines the pleadings

and affidavits to determine whether the proposed class should be notified of the action.  Id.

All of Sun-Maid's non-exempt hourly employees are members of the General Teamsters, Local 431, and the terms and conditions of their employment are governed by the collective bargaining agreement between Defendant and Local 431.  Defendant contends that since Plaintiff was a temporary employee who was only employed for eighteen days he is not similarly situated to the class of Sun-Maid's non-exempt hourly employees.  However, the first step in the conditional certification analysis only requires Plaintiff to show that "there is some factual basis beyond the mere averments in [his] complaint for the class allegations."  Harris, 716 F. Supp. 2d at 837.  Plaintiff need not show that he held the same position as the putative class members, but just that their positions are similar.  Villarreal v. Caremark LLC, 66 F.Supp.3d 1184, 1189 (D. Ariz. 2014).  To grant conditional certification, the Court need only be satisfied that there is a reasonable basis for the plaintiff's claims of injuries to the class.  Id.

Plaintiff argues that a stay of discovery is improper because he is separately entitled to conduct discovery to show typicality, commonality and numerosity under Rule 23 for his remaining claims.  However, since the parties have agreed to litigate the conditional certification under the FLSA in this first stage, the stay of discovery on the Rule 23 claims would save Defendant the burden and expense of pre-certification discovery which could prove to be unnecessary in this action if Plaintiff fails to obtain conditional certification of the federal claims.  Additionally, the parties have agreed to have the motion for conditional certification of the FLSA claim filed in mid-January, so any stay of discovery would be for approximately ninety days, a relatively brief period of time.

Plaintiff also contends that he needs to conduct discovery to show that Defendant subjected the putative class members to a "single decision, policy, or plan."  Plaintiff is seeking 1) Defendant's written policies, procedures and training for donning and doffing sanitary gear, including Defendant's Good Manufacturing Practices, and Sanitation Standard Operating Procedures, meal periods, clocking in and out at the beginning and end of shifts and the beginning and end of meal periods, and for calculating and paying wages thereof; 2) a 40% sampling of electronic punch records in native format for the putative class for the class period;

and 3) the corresponding electronic pay records in native format for the 40% sample.

The Court has discretion in controlling the scope of pre-certification discovery to balance a plaintiff's need for discovery to substantiate his class allegations and concerns regarding overly burdensome discovery requests directed on a defendant in situations where the plaintiff is clearly making a blind shot in the dark, hoping to find evidence supporting what are, at the time, highly speculative claims. In balancing these considerations, the Court will give Plaintiff the opportunity to substantiate his claims while saving Defendant from bearing the costs of what appears at this stage to be highly speculative class allegations not yet supported by any solid evidence.

Defendant shall produce the written policies, procedures and training for donning and doffing sanitary gear in place at the time of Plaintiff's employment, including Defendant's Good Manufacturing Practices, and Sanitation Standard Operating Procedures, meal periods, clocking in and out at the beginning and end of shifts and the beginning and end of meal periods, and for calculating and paying wages thereof. However, the Court finds that requiring Defendant to produce three years of punch and payroll records in native format is overly burdensome at this stage of the litigation. The Court shall require Defendant to produce the electronic pay records for the year 2014 for all employees who were required to wear protective gear at the facility where Plaintiff was employed. All other discovery shall be stayed pending resolution of the motion for conditional certification of the collective action in this case.

## IV.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's motion for a stay of the discovery in this action is GRANTED IN PART AND DENIED IN PART as follows:

   a. Within twenty (20) days from the date of service of this order, Defendant shall produce the written policies, procedures and training for donning and doffing sanitary gear, including Defendant's Good Manufacturing Practices, and Sanitation Standard Operating Procedures, meal periods, clocking in and out at

    the beginning and end of shifts and the beginning and end of meal periods, and for calculating and paying wages thereof which were in place during Plaintiff's employment;

  b. Within twenty (20) days from the date of service of this order, Defendant shall produce the electronic pay records for the year 2014 for all employees who were subject to donning and doffing of protective gear at the facility where Plaintiff was employed; and

  c. All other discovery in this action is stayed pending resolution of the motion for conditional certification of the FLSA collective action;

IT IS SO ORDERED.

Dated: **November 16, 2015**

                UNITED STATES MAGISTRATE JUDGE