UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHON TALAVERA, on behalf of himself and on behalf of all other similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>SUN-MAID GROWERS OF CALIFORNIA, a California Corporation; and DOES 1-50, inclusive,<br><br>Defendants. | No. 1:15-cv-00842-DAD-SAB<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION<br><br>(Doc. No. 19) |

On June 3, 2015, Jonathon Talavera ("plaintiff") filed a complaint against Sun-Maid Growers of California ("defendant") alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), various California labor code and wage orders, and the California Unfair Business Practices Act, codified at Business and Professions Code §§ 17200, *et seq*. (Doc. No. 1.) On January 25, 2016, plaintiff filed a motion seeking conditional certification of a class under the FLSA. (Doc. No. 19.) Defendant filed its opposition on February 16, 2016 (Doc. No. 21), and plaintiff filed his reply on February 23, 2016 (Doc. No. 22). This court heard arguments on March 1, 2016. (Doc. No. 24.) Attorney Cory Lee appeared on behalf of the plaintiffs and attorney Sandra Rappaport appeared on behalf of the defendants. For the reasons stated below, the court will grant plaintiff's motion for conditional certification.

1

**I.     Introduction**

Defendant is a food processor that prepares and packages raisins and other dried fruit before shipping them throughout the world. (Doc. No. 21-1, Declaration of Matt Babiarz ("Babiarz Decl.") at ¶ 2.) Defendant is headquartered in Kingsburg, California, where it operates its main processing plant as well as a cold storage facility. (*Id.*) Defendant also operates three satellite processing plants in various cities across California. (*Id.*)

Plaintiff is a temporary worker who was employed by defendant at its Kingsburg plant for a total of eighteen (18) days in August and September of 2014. (Doc. No. 21, Opp'n to Mot. for Conditional Certification ("Opp'n") at 1; Babiarz Dec. at ¶ 6). In his complaint, plaintiff alleges that defendant required him to perform certain tasks—specifically, donning safety and sanitary gear, and washing hands—for which he was not properly compensated. (Doc. No. 1, Compl. at ¶ 14.) Plaintiff claims that these practices constitute a violation of the FLSA because they resulted in him—and other similarly situated employees—working more than eight hours in a single day without receiving overtime compensation.[1] (Doc. No. 19-5, Decl. of Talavera ("Talavera Decl.") at ¶ 14.) Plaintiff is currently seeking conditional certification of a class of similarly situated employees pursuant to § 216(b) of the FLSA. Plaintiff defines the FLSA class as follows:

> All individuals who are currently employed, or have formerly been employed, as nonexempt hourly employees at [d]efendants' food processing facilities in California, at any time within three years prior to the filing of the original complaint until resolution of this actions [sic].

(Doc. No. 19, Mot. for Conditional Certification ("MCC"), at 1.) In support of his motion, plaintiff filed two declarations: one from himself and one from Carlos Ochoa, a temporary employee staffed at one of defendant's satellite facilities. (Babiarz Decl. at ¶ 7.) In their

---

[1] The FLSA requires an employer to pay an employee overtime wages only when that employee works in excess of forty hours per week.  29 U.S.C. § 207; 29 C.F.R. § 778.102.  However, at the hearing on the pending motion, plaintiff argued and defendant agreed, that the allegations of paragraphs 91 and 92 of plaintiff's complaint reasonably infer that plaintiff did work in excess of forty (40) hours a week.  Thus, plaintiff does state a claim under the FLSA.

2

declarations both plaintiff and Ochoa state that they were required to wash their hands and don "sanitary gear." (Talavera Decl. at ¶ 4; Doc. No. 19-6, Decl. of Ochoa ("Ochoa Decl.") at ¶ 3.) These actions were performed before punching in, and required them to wait in line, resulting in uncompensated work time. (Talavera Decl. at ¶¶ 6, 8; Ochoa Decl. at ¶¶ 4, 7.)

Plaintiff also have filed multiple exhibits discussing defendant's Good Manufacturing Practices ("GMP") and Sanitation Standard Operating Procedures ("SSOP"). (Doc. Nos. 19-1, 19-2, 19-3, and 19-4.) Plaintiff cites to these exhibits to show that "[defendant], as a food producer, fully enforces [its] GMP practices as required by law" and that "[defendant's] program applies to employees, temporary employees, contractors, visitors, growers, truck drivers and all other authorized personnel entering any of the production areas at any Sun-Maid facility." (Doc. No. 19-1 at 1.) Plaintiff also cites to various excerpts of these documents to demonstrate that defendant mandated hand washing and the donning of sanitary gear in certain circumstances. (MCC at 2 - 5.)

Defendant does not challenge the existence of these policies. Rather, it contends that its policies do not discuss the timing of the above-described practices or whether employees are separately compensated for them. This silence, combined with plaintiff's failure to declare he has personal knowledge these practices resulted in other employees engaging in uncompensated work time, should be enough to deny plaintiff's motion for conditional certification according to defendant. Defendant also argues that because plaintiff is a temporary worker, and not a full time employee, he cannot claim to be similarly situated to the other potential class members. According to defendant, temporary employees can be distinguished from full-time employees in two regards: (1) they do not follow the same punch-in/punch-out procedures used by full-time employees, Babiarz Decl. at ¶ 12, and (2) they are not union members, unlike the majority of defendant's full-time employees, *id*. at ¶¶ 3 - 5.

**II.    Legal Standard**

Pursuant to the FLSA, an employee may file a civil action against an employer that fails to adhere to federal minimum wage and overtime law. 29 U.S.C. § 216(b). Additionally, "an employee may bring a FLSA collective action on behalf of himself/herself and other employees

3

who are 'similarly situated' . . . ." *Millan v. Cascade Water Services, Inc.*, 310 F.R.D. 593, 607 (E.D. Cal. 2015). Unlike a Rule 23 class action, non-party employees can join an FLSA class action only if they opt-in by "fil[ing] written consents to join the action." *Id.* (citing 29 U.S.C. § 216(b) and *Valladon v. City of Oakland*, No. C 06-07478, 2009 WL 2591346, at *7 (N.D. Cal. Aug. 21, 2009)).

"Neither the FLSA, nor the Ninth Circuit, nor the Supreme Court has defined the term 'similarly situated.'" *Id.* (citing *Kellgren v. Petco Animal Supplies, Inc.*, No. 13CV644, 2015 WL 5167144, at *2 (S.D. Cal. Sept. 3, 2015) and *Velasquez v. HSBC Finance Corp.*, 266 F.R.D. 424, 426-27 (N.D. Cal. 2010)). Accordingly, courts in the Ninth Circuit have used an *ad hoc* two-tiered approach to decide if plaintiffs are similarly situated. *Lewis v. Wells Fargo Co.*, 669 F. Supp. 2d 1124, 1127 (N.D. Cal. 2009) (citing *Wynn v. National Broadcasting Co.*, 234 F. Supp. 2d 1067, 1082 (C.D. Cal. 2002)). This process has been described by one court as follows:

> The first step under the two-tiered approach considers whether the proposed class should be given notice of the action. This decision is based on the pleadings and affidavits submitted by the parties. The court makes this determination under a fairly lenient standard due to the limited amount of evidence before it. The usual result is conditional class certification. In the second step, the party opposing the certification may move to decertify the class once discovery is complete and the case is ready to be tried. If the court finds that the plaintiffs are not similarly situated at that step, the court may decertify the class and dismiss opt-in plaintiffs without prejudice.

*Syed v. M-I, L.L.C.*, No. 1:12-CV-1718, 2014 WL 6685966, at *2 (E.D. Cal. Nov. 26, 2014). The first step—the notice stage—employs a "lenient standard." *Millan*, 310 F.R.D. at 607. "For conditional certification at this notice stage, the court requires little more than substantial allegations, supported by declarations or discovery, that 'the putative class members were together the victims of a single decision, policy, or plan.'" *Lewis*, 669 F. Supp. 2d at 1127 (citing *Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001)).

**III.   Analysis**

Courts in the Ninth Circuit universally recognize that the standard used in the first step of analysis is a lenient one. *Edwards v. City of Long Beach*, 467 F.Supp.2d 986, 990 (C.D. Cal

1  2006); *see also Talavera v. Sun Maid Growers of California*, No. 1:15-cv-00842, 2015 WL
2  7187960, at *2 (E.D. Cal. Nov. 16 2015) (". . . the first step in this analysis uses a very lenient
3  standard . . .") (citing *Murillo v. Pac. Gas & Elec. Co.*, 266 F.R.D. 468, 471 (E.D. Cal. 2010));
4  *Millan*, 310 F.R.D. at 607 (noting that the notice-stage standard is a "lenient standard"); *Misra v.*
5  *Decision One Mortg. Co., LLC*, 673 F. Supp. 2d 987, 993 (C.D. Cal. 2008) (same); *Adams v.*
6  *Inter-Con Sec. Systems, Inc.*, 242 F.R.D. 530, 536 (N.D. Cal. 2007 ) (same).  A plaintiff's
7  "evidentiary burden at this stage is to make substantial allegations, supported by declarations or
8  discovery, that 'the putative class members were together the victims of a single decision, policy,
9  or plan.'" *Syed*, 2014 WL 6685966, at *3 (quoting *Lewis*, 669 F. Supp. 2d at 1127).  This lenient
10 standard is employed because "this first determination is generally made before the close of
11 discovery and based on a limited amount of evidence[.]"  *Misra*, 673 F. Supp. 2d at 993.
12 "However, unsupported assertions of widespread violations are not sufficient to meet [a
13 plaintiff's] burden."  *Mitchell v. Acosta Sales*, *LLC*, 841 F. Supp. 2d 1105, 1115 (C.D. Cal. 2011).

14      Here, although the evidence presented by plaintiff is certainly minimal, he has satisfied
15 the low burden imposed on him at the notice stage for conditional certification.  Plaintiff's
16 primary task at this stage is merely to show that "putative class members were subject to a single
17 illegal policy, plan or decision."  *Murillo*, 226 F.R.D. at 471.  Plaintiff has accomplished this.  He
18 has submitted defendant's guidelines concerning its GMP and SSOP requirements.  These
19 requirements unequivocally mandate that all employees in food processing centers don certain
20 sanitary and safety gear and wash their hands.  Plaintiff also states in his own declaration that
21 these practices resulted in extra time worked for which he was not properly compensated under
22 the FLSA.  Ochoa, a temporary employee staffed at one of defendant's satellite facilities, states
23 the same in his declaration.  *See Benedict v. Hewlett-Packard Co.*, No:13-cv-00119, 2014 WL
24 587135, at *6 (N.D. Cal. Feb. 13, 2014) ("A plaintiff need not submit a large number of
25 declarations or affidavits to make the requisite factual showing that class members exist who are
26 similarly situated to him.").  Combined, the two declarations and documents submitted by
27 plaintiff constitute more than "unsupported assertions" and do show that plaintiff and potential
28 class members "[may have been] together the victims of a single decision, policy, or plan." *Syed*,

5

2014 WL 6685966, at *3. Thus, the notice-stage standard is satisfied in this instance.

Defendant attacks plaintiff's ability to satisfy the notice-stage standard by drawing attention to plaintiff's status as a temporary worker. Defendant argues that plaintiff and its other employees cannot be together the victims of a single policy because the majority of defendant's employees are union members and are thus susceptible to an exclusion under the FLSA. But this argument is putting the cart before the horse. The exception noted by defendant—section 203(o) of the FLSA—may prove fatal to plaintiff's action, but it is an issue that, under the approach adopted by courts in this circuit, is reserved for a decertification motion.[2] *Syed*, 2014 WL 6685966 at *2. The same can fairly be said regarding any discrepancies between the punch-in/punch-out procedures used by temporary and full-time employees.

## CONCLUSION

For the above stated reasons:

(1)  plaintiff's motion (Doc. No. 19) is GRANTED;

(2)  the court ORDERS parties to meet and confer regarding the form and manner of notice and to submit their proposal within 21 days of the date of this order; and

(3)  no notice or opt-in form shall be sent to the conditionally-certified class members until this court has approved the form, content, and method of notice.

IT IS SO ORDERED.

Dated:  **March 18, 2016**                             _Dale A. Drozd_
                                                        UNITED STATES DISTRICT JUDGE

---

[2] As noted by the court in *Syed*, during the second step of the two-tiered approach, "the party opposing the certification may move to decertify the class once discovery is complete and the case is ready to be tried." 2014 WL 6685966 at *2. Upon reaching this second step, a court will review several factors, including: "(1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; (3) fairness and procedural considerations; and (4) whether plaintiffs made the filings required by the ADEA before instituting suit." *Bishop v. Petro-Chemical Transport*, 582 F. Supp. 2d 1290, 1294 (E.D. Cal. 2008) (quoting *Mooney v. Aramco*, 54 F.3d 1207, 1213 (5th Cir. 1996)). *See also Thiessen v. GE Capital Corp.*, 267 F.3d 1095, 1103 (10th Cir. 2001) *cert. denied* 563 U.S. 934 (2002).