UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHON TALAVERA, on behalf of himself and on behalf of all other similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>SUN-MAID GROWERS OF CALIFORNIA, a California Corporation, and DOES 1-50, inclusive,<br><br>Defendants. | No. 1:15-cv-00842-DAD-SAB<br><br>ORDER APPROVING FORM AND MANNER OF FLSA NOTICE<br><br>(Doc. No. 26) |

On March 17, 2016, the court granted Jonathon Talavera's ("plaintiff") motion for conditional class certification pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). (Doc. No. 25.) The court's order instructed plaintiff and Sun-Maid Growers of California ("defendant") to meet and confer regarding the form and manner of notice to be sent to potential class members and to submit a proposal within 21 days of the date of the order. (*Id*.) The parties submitted a joint status report on April 8, 2016. (Doc. No. 26.)

/////

/////

/////

/////

1

According to the joint status report, the parties have agreed on the form of the notice and the mailing envelope to be sent to the potential class members.[1] Finding no issues with either, the court approves both as presented in the joint status report. (Doc. No. 26-1, Exh. 1, 2.)

Additionally, per the joint status report, the parties have also agreed that the initial notice to the class will be conducted by a professional third-party administrator. The administrator will translate the notice into Spanish using a court certified translator; will mail the notices, using the above discussed envelope and including a self-addressed stamped envelope, to approximately 5,309 class members; will staff a telephone information line with instructions to limit any discussion to the information provided in the notice or direct callers to both plaintiff and defense counsel as specific on the notice; and will receive and compile all plaintiff consent forms submitted by class members. The court approves.

However, according to the joint status report, the parties have reached impasses with respect to a number of issues. First, plaintiff wants to be able to send a follow-on postcard 28 days after the initial mailing date.[2] According to the joint status report, the postcard would be sent to only those class members that have not filed a response. Defendant opposes this request. Courts in the Ninth Circuit routinely approve the use of such reminder notices. *See McKeen-Chaplin v. Provident Sav. Bank, FSB*, No. 2:12-cv-03035, 2013 WL 4056285, at *8 (E.D. Cal. Aug. 12, 2013) (listing cases in which courts approved use of reminder notices). Accordingly, plaintiff will be permitted to send a follow-on postcard 28 days after the initial mailing date to those class members that have yet to respond.

Second, the parties disagree regarding the length of the notice and the response period. Plaintiffs request 60 days; defendants request 45 days. Courts typically grant between 60 and 90 days for the notice and response period. *See id*. (citing *Williams v. U.S. Bank Nat. Ass'n*, 290 F.R.D. 600, 614 n.33 (E.D. Cal. 2013)). Accordingly, the court approves a notice and response

---

[1] The form to be used for the notice is shown in Exhibit A to the Joint Status Report. (Doc. No. 26-1, Exh. 1.) The form to be used for the envelope is shown in Exhibit B to the Joint Status Report. (Doc. No. 26-1, Exh. 2.)

[2] The form of the postcard to be used is shown in Exhibit C of the Joint Status Report. (Doc. No. 26-1, Exh. 3.)

1  period of 60 days.

2  Third, the parties disagree on whether a static, informational website should be permitted. Plaintiff argues that the administrator should be permitted to create a static, informational website that contains the same information provided in the notice. Additionally, plaintiff suggests that the website contain the plaintiff consent form, an email link, a fax number and mailing address for the administrator. Defendant opposes this request. The court notes that other courts have previously allowed the use of such static websites as well as the use of Facebook advertisements linking to informational websites. *See In re Wells Fargo Wage & Hour Employment Practices Litig. (No. III)*, No. H-11-2266, 2013 WL 2180014, at *2 (S.D. Tex. May 17, 2013) (allowing for use of website); *see also Woods v. Vector Marketing Corp.*, 2015 WL 1198593 at *4–5 (N.D. Cal. Mar. 16, 2015) (allowing for Facebook advertisement linking to informational website). Accordingly, the court will approve plaintiff's request that the administrator be permitted to create a static, informational website in accordance with above description.

For the reasons stated above:

(1) The court approves the form of the notice, as set forth in Doc. No. 26-1, Exh. 1;

(2) The court approves the form of the mailing envelope, as set forth in Doc. No. 26-1, Exh. 2;

(3) The court approves the use of a third-party administrator to conduct the above described acts;

(4) The court approves the mailing of a follow up postcard, in the form of Doc. No. 26-1, Exh. 3, to all non-responsive class members 28 days after the initial mailing of the notice;

(5) The court approves a notice and response period of 60 days; and

(6) The court approves the creation of a static, informational website by the administrator that contains the above describe information.

IT IS SO ORDERED.

Dated:  **April 27, 2016**                    _____
                                              UNITED STATES DISTRICT JUDGE