# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHON TALAVERA, on behalf of himself and all other similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>SUN MAID GROWERS OF CALIFORNIA,<br><br>Defendant. | Case No. 1:15-cv-00842-AWI-SAB<br><br>ORDER FOLLOWING INFORMAL DISCOVERY DISPUTE CONFERENCE<br><br>(ECF No. 34)<br><br>FOURTEEN DAY DEADLINE |

An informal telephonic conference was held on February 3, 2017, regarding the parties' discovery dispute. Counsel Cory Lee appeared telephonically for Plaintiff and counsel Sandra Rappaport appeared telephonically for Defendant.

## I.

## BACKGROUND

Plaintiff Jonathon Talavera filed this action on behalf of himself and all other similarly situated individuals alleging Defendant Sun-Maid Growers violated the Fair Labor Standards Act ("FLSA") and state law by failing to pay employees for all pre-shift work activities and failing to provide "legally compliant" meal and rest breaks. Plaintiff was employed by a temporary agency and was placed at Defendant's facility to perform temporary work for eighteen days in August and September of 2014.

1

1       On May 18, 2016, an order issued conditionally certifying the FLSA class in this action and on April 27, 2016, the manner and form of the FLSA notice was approved. On June 16, 2016, a scheduling order issued to address the class certification stage of the litigation.

        The parties contacted the Court to schedule an informal discovery dispute conference and on January 30, 2017, a minute order issued setting the conference for February 3, 2017. The parties filed a letter brief addressing the discovery dispute on February 2, 2017. The parties raise four issues in the current dispute: 1) the number of Defendant's production plants subject to discovery; 2) whether all punch, time, and pay records should be produced or just a sampling; 3) Plaintiff's request for an extension of the opt-out notice; and 4) the scope of Plaintiff's Rule 30(b)(6) deposition notice.

## II.

## LEGAL STANDARD

Rule 26, as recently amended, provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1). The December 2015 amendment to Rule 26 was to restore the proportionality factors in defining the scope of discovery. See Advisory Committee Notes to Rule 26(b)(1) 2015 Amendment. Under the amended Rule 26, relevancy alone is no longer sufficient to obtain discovery, the discovery requested must also be proportional to the needs of the case. In re Bard IVC Filters Prod. Liab. Litig., 317 F.R.D. 562, 564 (D. Ariz. 2016).

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevancy to the subject matter of the litigation "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could

bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc., 437 U.S. at 351. Discovery is designed to help define and clarify the issues. Id. Although relevancy is broadly defined for the purposes of discovery, it does have "ultimate and necessary boundaries." Gonzales v. Google, Inc., 234 F.R.D. 674, 680 (N.D. Cal. 2006) (citations omitted). "The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).

"Prior to certification of a class action, discovery is generally limited and in the discretion of the court." Del Campo v. Kennedy, 236 F.R.D. 454, 459 (N.D. Cal. 2006) (citing Tracy v. Dean Witter Reynolds, 185 F.R.D. 303, 304 (D. Co. 1998). Generally, it is the plaintiff's burden to make a "prima facie showing that the class actions requirements of Federal Rule of Civil Procedure 23 are satisfied or that discovery is likely to produce substantiation of the class allegations." Del Campo, 236 F.R.D. at 459 (quoting Tracy, 185 F.R.D. at 304). Especially when the material is in the possession of the defendant, the court should allow the plaintiff enough discovery to obtain evidence as to whether a class action is maintainable. Doninger v. Pac. Nw. Bell, Inc., 564 F.2d 1304, 1313 (9th Cir. 1977). The court should consider "the need for discovery, the time required, and the probability of discovery providing necessary factual information" in exercising its discretion to allow or prohibit discovery. Doninger, 564 F.2d at 1313. "Yet where the plaintiffs fail to make even a prima facie showing of Rule 23's prerequisites, as we find here, the burden is on the plaintiff to demonstrate that discovery measures are likely to produce persuasive information substantiating the class action allegations." Id. (citing Hatfield v. Williams, 64 F.R.D. 71, 75 (N.D. Iowa 1974)).

### III.
### DISCUSSION

#### A.  Plants Subject to Discovery

Plaintiff seeks to have Defendant produce discovery related to all of Defendant's production facilities in California arguing that the order granting Plaintiff's motion for conditional certification recognized that the plaintiff and potential class members may have been

3

the victims of a single decision, policy, or plan. Plaintiff also argues that the plant employee handbook contains similar requirements that apply to all plant employees.

Defendant contends that it has already produced all policies and collective bargaining agreements that govern all of its employees regardless of location. Defendant asserts that the only request that remains in issue is production of time and pay records for all workers at Sun-Maid, including employees and temporary workers. Defendants states that this request covers more than 5,000 employees during the relevant time period and is enormously burdensome. Defendant argues that in response to the conditional certification notice, which was sent the putative class members from all Defendant's facilities, 142 individuals have responded. Defendant submits that the time records for these 142 individuals should be produced.

Plaintiff responds that Defendant has not met its burden of demonstrating that it would be unduly burdensome to produce records for all employees and argues that it may be more labor intensive to produce records of the individual employees than to simply produce all data for the class period.

Defendants argue that Plaintiff has not stated a prima facie case for class relief under Rule 23; and therefore, he is not entitled to discovery beyond the facility at which he was employed. To make a prima facie showing under Rule 23(a) of the Federal Rules of Civil Procedure a plaintiff must meet the prerequisites of numerosity, commonality, typicality, and adequacy of representation. Plaintiff must show "(1) that the class is so numerous that joinder of all members is impracticable; (2) that there are questions of law or fact common to the class; (3) that the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) that the representative parties will fairly and adequately protect the interests of the class." Ogden v. Bumble Bee Foods, LLC, 292 F.R.D. 620, 622 (N.D. Cal. 2013) (internal punctuation and citation omitted).

In his complaint, Plaintiff alleges that the class is in the hundreds if not thousands. (Compl. ¶ 18.) The numerosity requirement is satisfied where "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). The notice of the collective action has been sent to 5,309 putative class members. (ECF No. 27 at 2.) This is the same

4

1  putative class for the class action. The number of individual class members in this instance far
2  exceeds the number that have been found to be so numerous that joinder of all members would
3  be impracticable. See Sullivan v. Chase Inv. Services of Boston, 79 F.R.D. 246, 257 (N.D. Cal.
4  1978) ("a class of 1000 clearly satisfies the numerosity requirement"). A class of over 5,000
5  members satisfies the numerosity requirement.

6  The commonality requirement is satisfied where "there are questions of law or fact that
7  are common to the class." Fed. R. Civ. P. 23(a)(2). "[T]he key inquiry is not whether the
8  plaintiffs have raised common questions," but "whether class treatment will 'generate common
9  answers apt to drive the resolution of the litigation.' " Arredondo v. Delano Farms Co., 301
10 F.R.D. 493, 503 (E.D. 2014) (quoting Abdullah v. U.S. Sec. Assocs., 731 F.3d 952, 957 (9th Cir.
11 2013)). Plaintiff alleges that Defendant does not compensate employees for all required pre-shift
12 work activities that are necessary to their employment responsibilities, such as donning sanitary
13 gear, waiting in line to sanitize, and waiting to punch in. (Compl. ¶ 5.) Further, Plaintiff
14 contends that Defendant due to the time spent in these activities, meal breaks were frequently not
15 offered to employees within the first five hours of the commencement of their work activities
16 and employees were not provided with a legally compliant thirty minute work period. (Id. at ¶¶
17 15, 16.) Plaintiff has sufficiently alleged that class treatment will generate common answers apt
18 to drive the resolution of this action.

19 To demonstrate typicality, Plaintiffs must show that the named parties' claims are typical
20 of the class. Fed.R.Civ.P. 23(a)(3). "The test of typicality 'is whether other members have the
21 same or similar injury, whether the action is based on conduct which is not unique to the named
22 plaintiffs, and whether other class members have been injured by the same course of conduct.' "
23 Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir. 1992). Here Plaintiff alleges that he
24 and the other putative class members were not paid for time spent donning sanitary gear and
25 were not provided with timely meal breaks. Plaintiff's allegations are sufficient at the pleading
26 stage to demonstrate typicality.

27 The named plaintiffs must fairly and adequately protect the interests of the class.
28 Fed.R.Civ.P. 23(a)(4). In determining whether the named plaintiffs will adequately represent the

class, the courts must resolve two questions: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" Hanlon, 150 F.3d at 1020. Plaintiff alleges that he is a member of the class and does not have any conflicts of interest with the members of the class and will vigorously prosecute this action. (Compl. ¶ 24.) At this stage of the proceeding, Plaintiff has alleged that he is an adequate class representative.

The allegations in the complaint are sufficient to state a prima facie case for class relief under Rule 23.

Defendant also argues that cases limit discovery in a class action to the facility at which the plaintiff was employed. In determining whether discovery is appropriate beyond the facility at which the employee worked, courts consider if the plaintiff has produced evidence of company-wide violations. See Nguyen v. Baxter Healthcare Corp., 275 F.R.D. 503, 508 (C.D. Cal. 2011) (denying company-wide discovery because plaintiff did not produce evidence of company-wide violations); Salgado v. Land O'Lakes, Inc., No. 1:13-cv-0798-LJO-SMS, 2014 U.S. Dist.LEXIS 175158, *12 (E.D. Ca. Dec. 18, 2014) (collecting cases finding that plaintiffs are not entitled to discovery at locations they did not work absent some evidence to indicate that the violations were company-wide).

Here, Plaintiff has alleged that Defendant has a company-wide policy that deprived him of overtime pay for time spent donning sanitary gear. In support of his motion for conditional certification, Plaintiff submitted a declaration from a temporary employee at one of Defendant's satellite facilities that alleged he was subjected to the same requirements to wash their hands and don sanitary gear. (ECF No. 25 at 2-3.) The district judge found that Plaintiff had met the minimal requirements to show that Plaintiff and the potential class members may have been victims of a single policy, decision, or plan. (Id. at 5.) Therefore, Plaintiff has produced evidence of a company-wide policy entitling him to some discovery beyond the facility at which he worked.

However, the Court must also consider that proportionality of the discovery requested to the needs of the case. Plaintiff seeks discovery of all employees that worked at all Defendant's

facilities during the relevant time period. Defendant argues that the requested discovery is overly burdensome and has agreed to produce a sampling by providing discovery on the 142 employees who opted into the collective action. During the informal conference, Plaintiff argues that this is less than one percent of the class and would allow the defendant to argue that it was an insufficient number of individuals to meet the requirements for class certification.

At this stage of the litigation, the parties are conducting discovery only as to class certification. While the Court recognizes that there is some overlap between class certification and merits discovery, Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 351 (2011), it also considers the proportionality of the requested discovery considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1)..

Here, Plaintiff is seeking punch, time and pay records for all putative class members. While Plaintiff is entitled to conduct some discovery in preparation of the motion for class certification, discovery of all putative class member pay, punch, and time information goes to the merits and is beyond the discovery needed in preparing the class certification motion. In this action, notice of the action has been sent to all 5,309 putative class members. (ECF No. 27 at 2.) The notice informed the putative class members of the claim for which Plaintiff seeks certification in this action. (ECF No. 26-1.) In response to the notice, 142 putative class members have opted into the collective action. (ECF No. 34 at 2.)

As counsel conceded during the informal conference, the class is the same for both the conditional and class action claims. Therefore, putative class members have been notified of the claims proceeding in this action related to donning and doffing protective gear and failure to pay overtime compensation. The employees who have opted into the action are likely to believe that they have been subjected to such conditions. Therefore, there appears to be a reasonable basis to select these 142 employees as a representative sample of the putative class.

/ / /

1    Considering the factors identified by Rule 26 in seeking class certification in this action,
2 the Court finds that a ten percent random sampling is proportional to the needs of the case.
3 However, Defendant asserted during the informal telephonic conference that a majority of the
4 class members are temporary employees for which Defendant asserts it does not maintain
5 records.  Due to the number of temporary employees used by Defendant, it is unclear the number
6 of employee records maintained by Defendant.  Therefore, in addition to the 142 employees that
7 have opted into the collective action, Defendant shall be required to produce pay, punch, and
8 time records for the relevant time period for a random sampling of 10 percent of Defendant's
9 employees at each of its facilities.  In other words, Defendant shall produce records in their
10 possession for the 142 employees that opted into the collective action, and an additional 10
11 percent of the employee records that are maintained by Defendant.  Defendant is not required to
12 obtain records from a third party in responding to this discovery request.

13    Accordingly, Defendants shall produce responsive documents for the relevant time period
14 as discussed herein.

15    **B.    Extension of Fact Discovery Cut-Off**

16    Plaintiff seeks a 120 day extension of the fact discovery deadline arguing that the current
17 discovery dispute and the opt-out process to which the parties have agreed will take a minimum
18 of 60 days.  Defendant responds that they responded to Plaintiff's discovery requests in August
19 2016 and Plaintiff did not notify them of any issue until the end of November 2016.  Defendant
20 argues that it can produce the documents requested for the 142 individuals within a few weeks.
21 Further, Defendant argues that Plaintiff has had the contact information on the 142 individuals
22 since August and has had an opportunity to conduct discovery as to them.  Defendant consents to
23 a one month extension of the discovery deadline to allow for production of the information at
24 dispute here.

25    During the informal conference, the parties raised the separate issue of a <u>Belaire</u> notice.
26 In <u>Gulf Oil Co. v. Bernard</u>, 452 U.S. 89 (1981), the Supreme Court held that class counsel in
27 Rule 23 class actions must be permitted to communicate with potential class members prior to
28 class certification for the purpose of notification and information gathering.  <u>Id.</u> at 101-02.  The

8

Ninth Circuit has held that where the plaintiff fails to show either a prima facie claim for case relief or that discovery was likely to produce substantiation of the class claims the court may refuse to allow precertification discovery. Nguyen v. Baxter Healthcare Corp., 275 F.R.D. 503, 505 (C.D. Cal. 2011).

Contact information on the putative class members is routinely allowed in precertification discovery. Coleman v. Jenny Craig, Inc., No. 11-CV-1301-MMA DHB, 2013 WL 2896884, at *7 (S.D. Cal. June 12, 2013). The California Supreme Court has held that contact information regarding the identity of potential class members is generally discoverable and the privacy rights of the individuals can be protected by providing an opt-out notice that was mailed in advance of the defendant providing the plaintiff with an individual's contact information. Nguyen, 275 F.R.D. at 506-07. A Belaire notice is the term used to describe the opt-out notice sent to potential class members informing them of the lawsuit and informing them that if they do not want their contact information released to plaintiff's counsel they may return an enclosed postcard. Id. at 512 fn.3 (citing Belaire–West Landscape Inc. v. Superior Court, 149 Cal.App.4th 554 (2007).

The current briefing did not address release of the putative class member information to Plaintiff, and the parties have been provided with an opportunity to provide supplemental briefing on the issue. Accordingly, the Court shall reserve ruling on the request for an extension of the discovery period until the briefing is complete.

### C. Plaintiff's Rule 30(b)(6) Deposition Notice

Plaintiff has served a Rule 30(b)(6) deposition notice. The parties have resolved some of the issues regarding the notice, but several remain. Defendant objects to three areas of the notice: 1) Information regarding GMP violations related to donning or doffing or the wearing or omission of sanitary gear at any of YOUR facilities in California during the RELEVANT TIME PERIOD; 2) Information regarding HACCP violations related to donning or doffing or the wearing or omission of sanitary gear at any of YOUR facilities in California during the RELEVANT TIME PERIOD; and 3) Information regarding SSOP violations related to donning or doffing or the wearing or omission of sanitary gear at any of YOUR facilities in California

1 during the RELEVANT TIME PERIOD. (ECF No. 34 at 4.)

2     Defendant contends that the subjects requested do not have a bearing on the wage and meal period claims at issue in this case. Further, Defendant contends that the only way to respond to such a request would be to require the corporate representative to review thousands of personnel files to ascertain if an employee was disciplined. Defendant contends that any safety violations have no relevancy to the failure to pay wages claims at issue in this action.

7     Plaintiff argues that violations are relevant because showing where safety gear is donned implicates whether it is donned before or after clocking in. Plaintiff contends that if workers were disciplined for arriving at the production area late because they were donning gear implicates the time taken to don the gear and where donning of the gear occurred. Further, Plaintiff argues violations may evidence whether workers were given enough time to don their gear and arrive at the production area or if the discipline process was used to force employees to don their gear prior to clocking in.

14     During the informal conference, Plaintiff agreed to amend the notice to include a description of the policies and the manner in which they are enforced without reference to specific incidents. Accordingly, the Rule 30(b)(6) deposition on this issue shall be limited to the description of the policies and the manner in which the policies are enforced.

## IV.

## CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen days, Defendant shall produce responsive documents for the 142 employees who have opted into the collective action and for a random sampling of ten (10) percent of Defendant's employees at each of Defendant's facilities;

2. Plaintiff's request to amend the scheduling order is deferred pending further briefing;

3. The Rule 30(b)(6) deposition notice shall be limited on the issue addressed in the current dispute to the description of the policies and the manner in which the policies are enforced; and

4. Plaintiff shall file further briefing on the <u>Belaire</u> notice on or before February 8, 2017; and Defendant shall file their response on or before February 10, 2017.

IT IS SO ORDERED.

Dated: **February 6, 2017**

UNITED STATES MAGISTRATE JUDGE