# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHON TALAVERA, on behalf of himself and all other similarly situated individuals,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SUN MAID GROWERS OF CALIFORNIA,<br><br>　　　　　Defendant. | Case No.  1:15-cv-00842-AWI-SAB<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER<br><br>(ECF No. 34, 37, 38)<br><br>Non-Expert Discovery Deadline:  April 10, 2017 |

## I.

## BACKGROUND

On February 3, 2017, the Court held an informal telephonic discovery dispute conference in this action. (ECF No. 35.)  As relevant here, the parties were disputing whether defendant should have to produce records for all employees at all of its satellite facilities or only those records for the employees who had opted into the conditionally certified FLSA action. (ECF No. 34.)  On February 6, 2017, an order issued requiring Defendant to produce a sampling of employment records within fourteen days. (ECF No. 36.)  The parties were order to file supplemental briefing on Plaintiff's request to amend the scheduling order.  On February 8, 2017, Plaintiff filed his supplemental briefing; and Defendant filed a supplemental brief on February 10, 2017. (Id. at 37, 38.)

In the informal discovery dispute letter brief, Plaintiff also requested a 120 day extension of time to conduct discovery regarding the records that were ordered to be produced in the dispute, and to allow for an opt-out procedure for disclosure of class member contact information. (ECF No. 34 at 3.) Defendant objected to a four month extension of the discovery deadline arguing that Plaintiff was not diligent in conducting discovery in this action and agreed to a month extension of the discovery schedule once the Court issued its order addressing which records were to be produced in the instant dispute. During the informal telephonic conference, Plaintiff stated that the 120 day extension of time was needed to allow for <u>Belaire</u> notice to all putative class members in this action. Defendant objected to the requested extension and, since the parties had not briefed the <u>Belaire</u> issue, the Court ordered supplemental briefing to address the issue of <u>Belaire</u> notice.

## II.

## DISCUSSION

The Court finds that there are two separate issues remaining to be addressed in the current dispute: 1) whether Plaintiff is entitled to contact information regarding the putative class members; and 2) whether the discovery and scheduling order should be amended. The Court shall first address the issue of the putative class member contact information.

**A.    Plaintiff is Entitled to Contact Information for the Putative Class Members**

In <u>Gulf Oil Co. v. Bernard</u>, 452 U.S. 89 (1981), the Supreme Court held that class counsel in Rule 23 class actions must be permitted to communicate with potential class members prior to class certification for the purpose of notification and information gathering. <u>Id.</u> at 101-02. The Court has found that Plaintiff's complaint is sufficient to state a prima facie claim for class relief in this action. (Order Following Informal Discovery Dispute Conference 4-8, ECF No. 36.) Defendant does not directly address the contract information for the entire class, but argues that the proposed notice to the putative class members is redundant given that the putative class has been sent notice of the collective action and 142 individuals have consented to having their information provided to Plaintiff's counsel.

/ / /

Contact information on the putative class members is routinely allowed in precertification discovery. Coleman v. Jenny Craig, Inc., No. 11-CV-1301-MMA DHB, 2013 WL 2896884, at *7 (S.D. Cal. June 12, 2013). Further, Defendant provides and the Court is unaware of any authority to support the argument that Plaintiff is limited in a class action to contact information only for those class members that have opted into the FLSA class. The California Supreme Court has held that contact information regarding the identity of potential class members is generally discoverable and the privacy rights of the individuals can be protected by providing an opt-out notice that was mailed in advance of the defendant providing the plaintiff with an individual's contact information. Nguyen, 275 F.R.D. at 506-07. A Belaire notice is the term used to describe the opt-out notice sent to potential class members informing them of the lawsuit and informing them that if they do not want their contact information released to plaintiff's counsel they may return an enclosed postcard. Id. at 512 fn.3 (citing Belaire–West Landscape Inc. v. Superior Court, 149 Cal.App.4th 554 (2007).

While Defendant argues that the putative class members have already been notified of the class action by virtue of the prior notice sent to the FLSA conditional class members, the parties do not dispute that this prior notice did not inform the putative class members that they may choose not to have their contact information provided to Plaintiff's counsel nor did the notice provide putative class members with a postcard to return if they so desired. Accordingly, the Court finds that the prior notice is not sufficient to inform the putative class of their ability to protect their privacy rights by refusing to have their contact information turned over to Plaintiff's counsel. Therefore, Defendant shall provide contact information for the putative class after the Belaire notice is sent to the putative class, and the class members have had an opportunity to enforce their privacy rights under California law.

B.   **Amended Scheduling Order**

Plaintiff seeks to amend the scheduling order by extending the time to conduct precertification discovery by 120 days. Defendant contends that a 30 day extension of time is all that is necessary to allow for production of the records sought in the informal discovery dispute in compliance with the February 6, 2017 order.

1    Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P.
2 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations,
3 Inc., 975 F.2d 604, 609 (9th Cir. 1992).  The good cause standard under Rule 16 focuses on the
4 movant's diligence in seeking amendment.  Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D.
5 Cal. 1999).  If the party seeking to amend the scheduling order fails to show due diligence the
6 inquiry should end and the court should not grant the motion to modify.  Zivkovic v. Southern
7 California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).  To allow a modification of the
8 scheduling order without good cause would render scheduling orders essentially meaningless,
9 and directly interfere with courts' attempts to manage their dockets and with the standard course
10 of litigation in actions such as this.  Johnson, 975 F.2d at 610 ("A scheduling order is not a
11 frivolous piece of paper, idly entered . . . ." (internal quotations and citation omitted)).

12    To demonstrate diligence under Rule 16's "good cause" standard, courts may require the
13 movant "to show the following: (1) that he was diligent in assisting the court in creating a
14 workable Rule 16 order; (2) that his noncompliance with a Rule 16 deadline occurred or will
15 occur, notwithstanding his diligent efforts to comply, because of the development of matters
16 which could not have been reasonably foreseen or anticipated at the time of the Rule 16
17 scheduling conference; and (3) that he was diligent in seeking amendment of the Rule 16 order,
18 once it became apparent that he could not comply with the order."  Morgal v. Maricopa Cty. Bd.
19 of Sup'rs, 284 F.R.D. 452, 460 (D. Ariz. 2012) (internal punctuation and citations omitted).

20    The relevant scheduling order in this action issued on June 16, 2016, and the deadline to
21 conduct non-expert discovery was set for February 10, 2017.  (ECF No. 31.)  Plaintiff
22 propounded discovery to Defendant and responses were served in August 2016.  (ECF No. 34 at
23 3.)  On November 23, 2016, Plaintiff sent a meet and confer letter to Defendant regarding the
24 discovery dispute.  (Id. at 1.)  Defendant responded by e-mail on December 6, 2016.  (Id.)

25    On December 21, 2016, the parties had a conference call in which they discussed
26 Defendant's privacy objection to the putative class members contact information.  (Id.; ECF No.
27 37 at 2.)  Defendant said it would be willing to provide contact information for Kingsburg
28 employees if an opt-out notice was sent first, and it was Plaintiff's position that the discovery

1 deadline would need to be extended. (Id.) The parties were to continue the discussion after the
2 holidays. (Id.) The parties were unable to agree upon the universe of individuals for whom
3 discovery should be provided; and the parties agreed to have their dispute addressed through this
4 Court's informal discovery dispute procedure. On January 30, 2016 a minute order issued
5 setting an informal discovery dispute conference for February 3, 2016. (ECF No. 33.)

6 In this instance, the Court finds that Plaintiff has not demonstrate that he was diligent in
7 conducting the precertification discovery in this action. Plaintiff was aware of Defendant's
8 objection to the request for putative class member contact information on or around August
9 2016. In August 2016 when Defendant served its objections to Plaintiff's discovery request, it
10 should have been apparent to Plaintiff that providing Belaire notice was going to be an issue in
11 this action because the parties had a dispute as to the universe of employees. "The use of orders
12 establishing a firm discovery cutoff date is commonplace, and has impacts generally helpful to
13 the orderly progress of litigation, so that the enforcement of such an order should come as a
14 surprise to no one." Cornwell v. Electra Cent. Credit Union, 439 F.3d 1018, 1027 (9th Cir.
15 2006). Yet, Plaintiff did not start meet and confer efforts until November 23, 2016,
16 approximately three months after the dispute arose. Since "good-faith compliance with Rule 16
17 plays an important role in [the case management process]," not only must parties participate
18 from the outset in creating a workable Rule 16 scheduling order but they must also diligently
19 attempt to adhere to that schedule throughout the subsequent course of the litigation. Jackson,
20 186 F.R.D. at 607 (internal punctuation and citations omitted).

21 Further, Plaintiff was aware by December 21, 2016, that the parties could not agree
22 regarding the universe of information to be produced. Plaintiff was also aware that the Belaire
23 notice would be a prolonged process that could not be addressed within the current discovery
24 schedule. Had Plaintiff addressed Defendant's objections to providing the contact information of
25 the putative class members at the time the objection was raised in August 2016 there was
26 adequate time to address the dispute, provide Belaire notice, and receive putative class member
27 contact information. "Discovery disputes are not grounds which render a litigant 'unable to
28 comply with the scheduling order's deadlines due to matters that could not have reasonably been

5

foreseen at the time of the issuance of the scheduling order.' " Thomason v. City of Fowler, No. 1:13-CV-00336-AWI, 2014 WL 4436385, at *6 (E.D. Cal. Sept. 9, 2014) ( quoting Kuschner v. Nationwide Credit, Inc., 256 F.R.D. 684, 687 (E.D. Cal. 2009)).

Finally, Plaintiff did not move to amend the scheduling order until February 2, 2017, approximately one week before the non-expert discovery deadline when he was aware as early as August 2016, and no later than December 21, 2016, that providing Belaire notice was going to be an issue given Defendant's objection to providing contact information for all satellite facility employees.

Plaintiff has not provided any reason for these delays in addressing the discovery disputes and moving to amend the scheduling order.  The Court finds that Plaintiff has not demonstrated due diligence in complying with the scheduling order issued in this action or in seeking amendment of the scheduling order.  See Morgal, 284 F.R.D. at 462 (lack of diligence demonstrated by four month delay in seeking amendment of complaint); Sharp v. Covenant Care LLC, 288 F.R.D. 465, 468 (S.D. Cal. 2012) (defendants did not demonstrate diligence where three month delay in seeking to amend scheduling order after apparent it could not be complied with); cf Kuschner v. Nationwide Credit, Inc., 256 F.R.D. 684, 688 (E.D. Cal. 2009) (due diligence shown where party filed motion to amend less than a week after efforts to obtain stipulation proved unsuccessful).

However, the Court has ordered Defendant to produce supplemental discovery within fourteen days of February 6, 2017.  Therefore, the Court shall grant the request to amend the scheduling order so Defendant can comply with the February 6, 2017 order requiring production of documents and for Plaintiff to review and pursue discovery on these documents.  The Court finds that a two month extension of the scheduling order will be sufficient for this purpose.

///
///
///
///
///

## III.

## CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for contact information on the putative class members is GRANTED;
2. Plaintiff's request for modification of the scheduling order is GRANTED IN PART; and
3. The deadline to conduct non-expert discovery for class certification is extended to April 10, 2017.

IT IS SO ORDERED.

Dated:   **February 13, 2017**

UNITED STATES MAGISTRATE JUDGE