# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHON TALAVERA, on behalf of himself and all other similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>SUN MAID GROWERS OF CALIFORNIA,<br><br>Defendant. | Case No. 1:15-cv-00842-AWI-SAB<br><br>ORDER RE INFORMAL DISCOVERY DISPUTE<br><br>(ECF No. 41) |

**I.**

**BACKGROUND**

Plaintiff Jonathon Talavera filed this action on behalf of himself and all other similarly situated individuals alleging Defendant Sun-Maid Growers violated the Fair Labor Standards Act ("FLSA") and state law by failing to pay employees for all pre-shift work activities and failing to provide "legally compliant" meal and rest breaks. Plaintiff was employed by a temporary agency and was placed at Defendant's facility to perform temporary work for eighteen days in August and September of 2014. On June 16, 2016, a scheduling order in this action issued bifurcating discovery and setting the dates for class certification discovery. On February 14, 2017, an order issued granting Plaintiff's request to extend the time to conduct precertification discovery and all non-expert precertification discovery was to be completed by April 10, 2017.

1

On Friday, March 31, 2017, at 3:45 p.m., Plaintiff's counsel e-mailed defense counsel that additional depositions were going to be noticed. On this same date at 4:35 p.m., Defendant was served with a notice of deposition for George Chavez, Sum-Maid Production Supervisor. On Monday, April 3, 2017, Plaintiff served deposition notices for two payroll department employees, Deborah Brown and Paula Caro-Jamarillo. All depositions were scheduled for April 10, 2017.

Defendant objects to the deposition notices on the grounds that Plaintiff's case has been pending for over 96 weeks and he waited until a week before the discovery deadline to serve the deposition notices. Defendant argues that Plaintiff has been aware of these individuals and there is no excuse for deposing them on such short notice. Defendant contends that Plaintiff has failed to provide reasonable notice for these depositions. Defendant seeks a protective order barring the three depositions.

Plaintiff counters that he has provided reasonable notice for the depositions. Plaintiff argues that while defense counsel stated that she is not available for depositions on April 10, 2017, she is one of three attorneys in the firm. Plaintiff also contends that he has offered to take the depositions on an alternate date without seeking an extension of the discovery deadline. Plaintiff contends that he is just now seeking to take the depositions because of the sample received after the Court granted his motion to compel. Plaintiff received the samples on February 23, 2017 and did not complete his analysis of the records until March 28, 2017.

## II.

## LEGAL STANDARD

Rule 30 of the Federal Rules of Civil Procedure governs depositions. Rule 30 provides that a party may depose any person without leave of the court. Fed. R. Civ. P. 30(a)(1). To depose a person the deposing party must give reasonable notice of a deposition, Fed. R. Civ. P. 30(b)(1), and courts generally find that one week to ten days' notice is reasonable. Guzman v. Bridgepoint Education, Inc., No. 11-0069-WQH (WVG), 2014 WL 1670094, at *2 (S.D. Cal. April 28, 2014); Charm Floral v. Wald Imports, Ltd., No. C10-1550-RSM, 2012 WL 424581, at *2 (W.D. Wash. Feb. 9, 2012); Lam v. City and County of San Francisco, No. C 08-04702 PJH

(LB), 2011 WL 4915812, at *3 (N.D. Cal. Oct. 17, 2011).

Rule 26 of the Federal Rules of Civil Procedure provides that:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending--or as an alternative on matters relating to a deposition. . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . .

Fed. R. Civ. P. 26.

## III.

## DISCUSSION

In this instance, Plaintiff served notice of the deposition on a Friday at 4:35 p.m. Since the notices were dropped off at the office so late on Friday afternoon, the Court does not consider the notice as having actually been received until Monday, the same day that the two other deposition notices were provided. Therefore, notice was provided seven days before the date of the deposition. However, the Court also considers that the deposition was set for Monday, April 10, 2017 which is the discovery deadline. Further, this is the day Passover begins and the first day of spring break which is generally considered a holiday for many families. It could reasonably be anticipated that counsel or the individuals deposed would not be available on this date. In these circumstances, the Court does not find that the notice provided was reasonable.

Plaintiff states that he served the notices on March 28, 2017, as soon as he became aware of the need for the depositions. But the Court notes that Plaintiff received the discovery that he relied on in determining the need for the depositions on February 23, 2017. While Plaintiff points out that this was due to having to file a motion to compel, the Court notes that at that time Plaintiff waited until the end of the discovery deadline to address the discovery dispute; and the Court found that he was not diligent in conducting precertification discovery in the action. (Order Granting in Part Plaintiff's Motion to Modify Scheduling Order 5, ECF No. 39.) However, the Court granted in part Plaintiff's request and the discovery deadline was extended to April 10, 2017. (Id. at 7.)

While Plaintiff argues that the information is necessary for class certification, the witnesses Plaintiff currently seeks to depose were available and known to Plaintiff during the

pendency of this action; and the information Plaintiff is requesting was reasonably anticipated to be needed for class certification. Considering Plaintiff's need for the information sought, the Court shall grant Defendant's request in part; and Plaintiff shall be allowed one deposition. During the informal discovery conference, Plaintiff selected George Chavez as the individual that he wishes to depose. Therefore, the Court shall extend the discovery deadline for the limited purpose of deposing George Chavez.

## III.
## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' request for a protective order barring the depositions of George Chavez, Deborah Brown, and Paula Caro-Jamarillo is GRANTED IN PART and Plaintiff shall only be allowed to depose George Chavez;

2. The deposition of George Chavez shall be taken on or before April 25, 2017 at the convenience of the parties; and

3. The deadline to conduct discovery shall be extended to April 25, 2017 for the limited purpose of deposing George Chavez.

IT IS SO ORDERED.

Dated:  **April 7, 2017**

UNITED STATES MAGISTRATE JUDGE