UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHON TALAVERA,<br><br>            Plaintiff,<br><br>     v.<br><br>SUNMAID GROWERS OF CALIFORNIA,<br><br>            Defendant. | No.  1:15-cv-00842-DAD-SAB<br><br>ORDER GRANTING APPROVAL OF COLLECTIVE ACTION SETTLEMENT AND AWARD OF COSTS<br><br>(Doc. No. 66) |

This matter is before the court on the parties' joint motion for final approval of the parties' Fair Labor Standards Act ("FLSA") collective action settlement. (Doc. No. 66.) In connection with the pending motion, plaintiff's counsel, the Downey Law Firm and Law Offices of Robert W. Sink, also request that the court determine the litigation costs to be awarded to plaintiff's counsel at Law Offices of Robert W. Sink. (Doc. No. 66-2.) Pursuant to General Order No. 617, on June 8, 2020, the court took this matter under submission to be decided on the papers without holding a hearing. (Doc. No. 67.) For the reasons that follow, the court will grant final approval of the parties' FLSA collective action settlement and award certain costs to plaintiff's counsel at Law Offices of Robert W. Sink.

/////

/////

**BACKGROUND**

This court previously reviewed the proposed settlement in this action on May 6, 2020 because the parties' settlement agreement had called for the parties to seek preliminary approval of their settlement from the court. (Doc. No. 62.) Pertinent factual details may be found in that order and will not be repeated here.

In the May 6, 2020 order, the court: (1) decertified the FLSA collective that had been conditionally certified on March 18, 2016 (Doc. No. 25); (2) dismissed without prejudice the claims of eighty-seven individuals who had opted into the FLSA collective, but were ultimately found to be not similarly situated to plaintiff or had claims that were otherwise time-barred; (3) conditionally certified the settlement collective of fifty-five members; and (4) denied the joint motion for preliminary approval without prejudice to the filing of a new motion for approval of the settlement accompanied by an application for attorneys' fees and costs. (*Id*. at 20.)

**DISCUSSION**

**A.     Approval of the FLSA Settlement**

Settlement of collective action claims under the FLSA requires court approval. *See Jones v. Agilysys, Inc.*, No. 12-cv-03516-SBA, 2014 WL 108420, at *2 (N.D. Cal. Jan. 10, 2014); *see Barrentine v. Ark.–Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981); *Yue Zhou v. Wang's Rest.*, No. 05-cv-0279-PVT, 2007 WL 2298046, at *1, n.1 (N.D. Cal. Aug. 8, 2007). "The FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69 (2013).

As stated in this court's May 6, 2020 order reviewing the settlement in this action, approval of the parties' settlement would be granted as long as the additional information submitted by counsel in the subsequent motion for approval raised no issues. No issues have been raised in the new motion for approval now before the court and accordingly, for the reasons described in the May 6, 2020 order, the court will approve the FLSA settlement collective comprised of fifty-five members. In addition, consistent with the court's May 6, 2020 order and pursuant to the parties' agreement, the court confirms that plaintiff Jonathon Talavera shall receive $1,500 in consideration for the general release by him of claims against defendant Sun-

Maid and $1,500 as a service award for his assistance as a representative of the collective in this case.

**B.     Award of Costs to Law Offices of Robert W. Sink**

The only remaining dispute at this time is the amount of costs to be awarded to plaintiff's counsel at Law Offices of Robert W. Sink.  Since the issuance of the court's May 6, 2020 order, both firms representing plaintiff and the collective have withdrawn requests for their attorney fees, and counsel at the Downey Law Firm have also withdrawn its request for $8,995.43 in costs, in favor of donating such funds to the FLSA collective's settlement fund.  (Doc. No. 66-2 at 2.) Law Offices of Robert W. Sink now seeks $20,654.97 in costs attributable to this litigation.[1]  (*Id.*)

The FLSA allows for a reasonable award of litigation costs as a part of settlement. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). "[T]he fee-shifting provisions of the FLSA are intended to allow plaintiffs to find competent counsel if legal action is required to compel the employer to pay what is owed, because if the plaintiffs' claims are meritorious, counsel will be able to obtain its fees from defendants regardless of the size of the claims, freeing them from a reliance on contingency fees to make pursuit of the litigation worthwhile." *See Kerzich v. Cnty. of Tuolumne*, 335 F. Supp. 3d 1179, 1188 (E.D. Cal. 2018) (collecting cases).  Because FLSA settlements require court approval, payment of litigation costs from settlement proceeds is also subject to review by the court.  *See Kerzich*, 335 F. Supp. 3d at 1184 (citing *Avila v. L.A. Police Dep't*, 758 F.3d 1096, 1104–05 (9th Cir. 2014)).  "It remains for the district court to determine what [] is 'reasonable.'" *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

The parties' settlement allowed plaintiff's counsel to seek reimbursement for up to $46,000 in attorney fees and costs of the $58,000 settlement total, without drawing an objection from defendant Sun-Maid.  (Doc. Nos. 62 at 15; 66 at 23.)  Under the terms of the settlement,

---

[1]  The requested amount has been reduced from the prior submission, which sought $20,930.69, because the firm realized that a charge of $275.72 for copying and scanning was inadvertently included twice.  (Doc. No. 66-2 at 16.)

"[s]hould the court approve a lesser amount of fees, expenses and costs, the unapproved portion or portions shall transfer to the settlement class and shall be distributed to members of the settlement class proportionally." (Doc. No. 66 at 23.) Law Offices of Robert W. Sink seeks an award of litigation costs totaling $20,654.97 made up of the following categories and amounts:

        1)   $9.42 for postage;

        2)   $1,484.98 for deposition travel and attendance;[2]

        3)   $6.67 for research fees;

        4)   $275.72 for copying and scanning;

        5)   $2,000 for interpreter services;

        6)   $13,310 for expert fees;

        7)   $2,975 for FLSA notice; and

        8)   $593.18 for attorney services and filing fees.[3]

(Doc. Nos. 66-2 at 14–16; 66-3 at 15.)

      The court notes that this is a unique situation in which the two law firms that represent plaintiff in this action dispute the amount of litigation costs that should be awarded by the court. The Downey Law Firm principally objects to the amount of costs for which Law Offices of Robert W. Sink seeks reimbursement because the Downey Law Firm believes the collective deserves a larger recovery. (*Id*. at 3–4.) The Downey Law Firm specifically objects to deposition and travel costs sought on the basis that counsel for Law Offices of Robert W. Sink could have instead attended the deposition by phone and spared some of the expense incurred. (*Id*. at 7.) The Downey Law Firm also argues that not all of the expenses, such as the deposition, translation, and expert costs, were reasonably related to the prosecution of the FLSA collective action, and should not be reimbursed on that basis, because they instead were costs associated with class claims, which were ultimately abandoned in this case. (*Id*. at 3.) For its part, Law

---

[2] This amount is the sum of $619.98 for travel costs and $865 for deposition attendance costs. (Doc. No. 66-2 at 14.)

[3] Because plaintiff did not provide an amount certain for this category, the court arrived at this figure based upon its own accounting, by subtracting the sum of the other categories of costs from the total amount sought in the motion.

4

Offices of Robert W. Sink argues that the settlement is an excellent result and its litigation costs should be reimbursed because the FLSA claim was a part of the common core of facts and based on a legal theory that was related to many of plaintiff's claims. (*Id.* at 3.) Defendant Sun-Maid takes no position with respect to this dispute over the amount of reasonable costs. (*Id.* at 2–3.)

The court previously directed the parties to submit detailed billing records sufficient to determine the appropriate costs. (Doc. No. 62 at 2.) Upon reviewing those records, the court finds it difficult, if not impossible, to determine whether many of the costs were reasonably incurred or were truly related to the collective action, since the Law Offices of Robert W. Sink have not provided information regarding why all of these costs were properly chargeable to the FLSA action. The court finds that the costs for postage, deposition travel and attendance, research fees, copying and scanning, FLSA notice, and attorney services and filing fees are adequately justified and reasonable, but costs for interpreter services and for expert fees are not adequately explained in the submissions of Law Offices of Robert W. Sink. The latter are the two largest expenses for which reimbursement is sought, representing the bulk of the costs requested and importantly, plaintiff's co-counsel have argued that those costs do not relate to the prosecution of the FLSA or the subsequent settlement. A review of the billing documents submitted in support of the pending motion suggest that those charges, at least in part, relate to the abandoned class claims (Doc. No. 66-3 at Exs. 3 and 4), and Law Offices of Robert W. Sink takes the position that it would be "neigh impossible[] to distinguish between the costs expended in furtherance of the FLSA [collective] and the Rule 23 class action claim []." (Doc. No. 66-2 at 13.)

On this record, the court finds that Law Offices of Robert W. Sink has failed to demonstrate that the entire amount expended for interpreter services ($2,000) and for expert fees ($13,310) were reasonably incurred in connection with the FLSA settlement. Law Offices of Robert W. Sink has been given multiple opportunities and directions to support its request for reimbursement of litigation costs and, in the absence of any explanation or even estimate from Law Firm of Robert W. Sink regarding how much of these expenses were reasonably incurred in connection with the collective action, the court finds that a reduction of $5,000 in the cost amount

to be awarded is appropriate here. Accordingly, the court will award reasonable litigation costs to Law Offices of Robert W. Sink in the amount of $15,654.97.

**CONCLUSION**

For the reasons explained above:

1. The motion for approval of the FLSA settlement collective comprised of fifty-five members (Doc. No. 66) is granted;

    a. The court confirms the prior awards of the following sums pursuant to the terms of the parties' agreement and the court's prior order (Doc. No. 62):

        i. Plaintiff Jonathon Talavera shall receive $1,500 in consideration for the general release by him of claims against defendant Sun-Maid pursuant to the parties' agreement, and

        ii. Plaintiff Jonathon Talavera shall receive $1,500 as a service award for his assistance to the collective;

    b. The parties are directed to effectuate all terms of the settlement agreement (Doc. No. 66, Ex. A) and any deadlines or procedures for distribution therein;

2. Plaintiffs' request for costs to counsel is granted, in part, and Law Offices of Robert W. Sink shall receive an award of litigation costs in the amount of $15,654.97;

3. This action is dismissed with prejudice in accordance with the terms of the settlement agreement, with the court specifically retaining jurisdiction to consider any further applications arising out of or in connection with the settlement; and

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **January 12, 2021**

UNITED STATES DISTRICT JUDGE